UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | 2:20-cr-00008-JMS-CMM-1 |
|     vs. ) | |
| ) | |
| GREGORY SOBIN, ) | |
|     Defendant ) | |

**REPORT AND RECOMMENDATION**

On March 7, 2024, the Court held a final hearing on the Petition for Warrant/Violation for Offender Under Supervision, filed on January 8, 2024, [Dkt. 89]. Gregory Sobin ("Defendant") appeared with FCD counsel, Samuel Ansell. The Government appeared by Meredith Wood on behalf of Adam Eakman, Assistant United States Attorney. U. S. Probation appeared by Officer Megan Durbin on behalf of Jamie Roberts.

The Court previously conducted an initial appearance on the Petition on February 28, 2024, [Dkt. 95].

The parties advised the Court at the outset of the hearing that a proposed agreement was reached by which the defendant would admit Violation Number 2 of Petition [Dkt. 89], Violation 1 would be dismissed by the Government. The parties also concurred that the Defendant should be sentenced to a term of imprisonment of 14 months (the high end of the range per Sentencing Guidelines).

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

1. The Court previously had advised Defendant of his rights and provided him with a copy of the petition during the February 28, 2024, appearance. Defendant waived his right to a preliminary hearing at that time and the Court found probable cause to proceed on the Petition.

2. The defendant was advised on February 28, 2024 and March 7, 2024, that this matter had been referred by the District Judge and that the District Judge has final authority whether to accept, reject, or modify the recommendation.

3. After being placed under oath, Defendant advised that he consented to the proposed agreement, had sufficient opportunity to consult with counsel, and was satisfied with his representation. Defendant admitted Violation No. 2, [Dkt. 89].

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| VIOLATION NUMBER | NATURE OF NONCOMPLIANCE |
|---|---|
| 2. | "You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision." |
| | Mr. Sobin was provided clear and concise instructions during his intake, and all subsequent contacts, to not have any direct or indirect contact with individuals named in protective orders against him. He acknowledged and understood those instructions. |

4. The parties stipulated that:

(a) The highest grade of violation is a Grade **B** violation.

(b) Defendant's criminal history category is **III**.

(c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **8-14** months imprisonment.

5. The Magistrate Judge, having considered the factors in 18 U.S.C. §3553(a), and as more fully set forth on the record, finds that:

(a) The Defendant violated the supervised release conditions as alleged in Violation #2;

(b) This is the second post-release violation of the terms of supervised release. In this instance, violation occurred within a month of resuming supervision. The issues raised in the petition are consistent with the charges on which the defendant was originally convicted. A five-month prison sentence after the first violation of supervised release did not modify the defendant's behavior upon his release.

(c) Consistent with the parties' agreement, the Magistrate Judge recommends that the defendant be sentenced to the custody of the U.S. Bureau of Prisons for a period of 14 months, and further recommends placement at MCC-Chicago (as requested by defendant's attorney). Consistent with the parties' agreement, supervised release should be terminated;

(d) That the agreement of the parties is an appropriate resolution of this matter and the agreement is commended to the favorable consideration of the District Judge with the Magistrate Judge's recommendation for sentencing.

Defendant shall remain in custody pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the 14-day objection period to file objections for the consideration of the District Judge.

Dated: March 7, 2024

Distribution:
All ECF-registered counsel of record via email generated by the court's ECF system